No. 22-3086

_____

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**UNITED STATES OF AMERICA,**
*Appellee,*

v.

**STEPHEN K. BANNON,**
*Appellant.*

_____

Appeal from the United States District Court
for the District of Columbia
(No. 1:21-cr-00670-1)
_____

**APPELLANT'S UNOPPOSED MOTION FOR AN EXTENSION OF TIME TO FILE A PETITION FOR REHEARING EN BANC**
_____

R. Trent McCotter
 *Counsel of Record*
Jonathan Berry
Michael Buschbacher
BOYDEN GRAY PLLC
801 17th St NW, Ste 350
Washington, DC 20006
202-706-5488
tmccotter@boydengray.com

*Counsel for Appellant*

Pursuant to D.C. Cir. R. 35(a), Appellant Stephen K. Bannon respectfully requests an extension of 21 days, to and including July 15, 2024, in which to file a petition for rehearing en banc. The petition is currently due Monday June 24, 2024. *See* D.C. Cir. R. 35(a) (establishing a 45-day deadline for "all cases" where the United States is a party). Rule 35(a) states that such a motion will be granted upon a showing of "good cause." D.C. Cir. R. 35(a). Good cause exists for this brief extension of time, which the government does not oppose.

1. Counsel's time has been consumed by diligently working on the briefing supporting Mr. Bannon's emergency request for release pending appeal, which was filed in this Court on June 11, 2024, and fully briefed on June 17, 2024.

2. This case raises issues worthy of en banc consideration. Most notably, the panel decision concluded it was bound by *Licavoli v. United States*, 294 F.2d 207 (D.C. Cir. 1961), to hold that "willfully" in 2 U.S.C. § 192 means only "intentionally." But as the emergency motion explains in detail, *Licavoli* runs contrary to the Supreme Court's general rule that "willfully" means the defendant knew his actions were unlawful. *Licavoli* also recognized that § 192 contains two different clauses with different

1

text for their *mens rea* requirements—but nonetheless concluded that both impose the exact same *mens rea* element, which runs counter to modern canons of construction, as Judge Nichols recognized below. *Licavoli* also misunderstood the significance of the Supreme Court's decision in *United States v. Murdock*, 290 U.S. 389, 397 (1933), which expressly cabined its prior holding in *Sinclair v. United States*, 279 U.S. 263 (1929), to the separate provision of § 192 that does *not* contain a "willfulness" requirement.

3. The en-banc-worthiness of this issue is further demonstrated by the Supreme Court's longstanding interest in the interpretation of § 192. As detailed in the emergency motion for release, the Supreme Court has granted nearly twenty cases over the years on issues related to § 192, despite its brevity.

4. Other issues also warrant en banc consideration, including whether the panel correctly labeled a structural challenge to the Select Committee as a mere "procedural objection" that had to be raised before the Committee itself.

5. An extension of 21 days is appropriate because of counsel's other significant litigation commitments during this time, including a

brief due at the Second Circuit in early July, four briefs due at the Supreme Court on or before July 5, and preliminary-injunction proceedings in the Middle District of Florida during late June.

6. The government does not oppose this relief.

For all these reasons, good cause exists to extend Mr. Bannon's deadline for seeking rehearing en banc in this case to July 15, 2024.

June 19, 2024        Respectfully submitted,

/s/ R. Trent McCotter
R. Trent McCotter
  *Counsel of Record*
Jonathan Berry
Michael Buschbacher
BOYDEN GRAY PLLC
801 17th St NW, Ste 350
Washington, DC 20006
202-706-5488
tmccotter@boydengray.com

*Counsel for Appellant*

# CERTIFICATE OF COMPLIANCE

I hereby certify that this brief complies with the type-volume limitations of Federal Rule of Appellate Procedure 27(d)(2) because it contains 464 words, excluding the portions exempted by Rule 27(a)(2)(B). This brief complies with the typeface and type style requirements of Federal Rule of Appellate Procedure Rule 32(a)(5)–(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in Century Schoolbook and 14-point font.

/s/ R. Trent McCotter
R. Trent McCotter

# CERTIFICATE OF SERVICE

I hereby certify that on this date, I electronically filed the foregoing document with the Clerk of this Court by using the CM/ECF system, which will serve all parties automatically.

/s/ R. Trent McCotter
R. Trent McCotter