**No. 22-3086**                            **September Term, 2023**

1:21-cr-00670-CJN-1

**Filed On:** June 20, 2024

United States of America,

        Appellee

    v.

Stephen K. Bannon,

        Appellant


        **BEFORE:**    Pillard, Walker*, and Garcia, Circuit Judges

## O R D E R

Upon consideration of appellant's emergency motion for release pending appeal, the opposition thereto, and the reply, it is

**ORDERED** that the motion be denied. Stephen Bannon's ground for requesting release does not warrant a departure from the general rule that a defendant "shall . . . be detained" following conviction and imposition of a sentence of imprisonment. 18 U.S.C. § 3143(b)(1). In addition to other requirements not in dispute, a stay applicant must raise "a substantial question of law or fact likely to result in (i) reversal [or] (ii) an order for a new trial." 18 U.S.C. § 3143(b)(1). Only "a close question or one that very well could be decided the other way" counts as substantial. *United States v. Perholtz*, 836 F.2d 554, 556 (D.C. Cir. 1988). Our unanimous panel opinion explains why no such close question is present here.

Bannon was convicted of the misdemeanor of "willfully making default" in response to a congressional subpoena in violation of 2 U.S.C. § 192. He argues that the Supreme Court, or this court sitting *en banc*, is likely to overrule our squarely applicable decision in *Licavoli v. United States*, 294 F.2d 207 (D.C. Cir. 1961), for failure to impose a sufficiently stringent requirement of proof that the summoned witness "willfully" refused to appear. Under *Licavoli*, proof of a deliberate and intentional default establishes the requisite willfulness. That standard precludes Bannon's sole asserted defense—that he relied in good faith on advice of counsel. *Id.*;

---

* A statement by Circuit Judge Walker, dissenting from this order, is attached.

*United States v. Bannon*, 101 F.4th 16, 21–23 (D.C. Cir. 2024). It was enough that Bannon knew what the subpoena required yet intentionally refused to appear or to produce any of the requested documents.

Bannon observes that *Licavoli* does not bind the Supreme Court, but much more than *Licavoli* stands between Bannon and the requested stay. As our unanimous opinion explains in more detail, the Supreme Court has treated the willfulness requirement of the contempt of Congress statute in ways that "firmly support[] *Licavoli*'s holding." 101 F.4th at 21. Indeed, the Supreme Court has interpreted Section 192 in the same way this court did in *Licavoli*, requiring only that a defendant act "deliberately and intentionally" to be guilty of willful default. *United States v. Helen Bryan*, 339 U.S. 323, 328 (1950); *see also Flaxer v. United States*, 358 U.S. 147, 151 (1958).

The distinct wording and functional relationship of two clauses of the contempt statute further supports the established understanding of "willfully." The first clause (at issue here) applies to those who "willfully make[] default" by refusing to respond to a subpoena at all, and the second clause applies to a witness who appears but "refuses to answer any question," without specifying that it be done willfully. 2 U.S.C. § 192. The Supreme Court has repeatedly held that a conviction under the latter clause requires only a "deliberate, intentional refusal to answer" questions. *Quinn v. United States*, 349 U.S. 155, 165 (1955); *see also Bannon*, 101 F.4th at 21–22 (collecting cases). The first clause imposes no higher burden despite its use of the term "willfully"; as we explained in *Licavoli*, the varied wording reflects the practical reality that a physically present witness's refusal to answer a question posed is necessarily willful, whereas a failure to appear or provide responsive documents could be attributed to various "causes other than deliberate intention," such as "illness, travel trouble, [or] misunderstanding." 294 F.2d at 208.

Bannon's proposal—that to prove willful default the government must establish that the witness knew that his conduct was unlawful—cannot be reconciled with the Supreme Court's approach to the statute. If an assertion of good-faith reliance on advice of counsel excused a witness's wholesale noncompliance, even as it is plainly unavailable to a more cooperative witness who appears but refuses to answer certain questions, Congress's power of inquiry would be "nulli[fied]." *Helen Bryan*, 339 U.S. at 331.

Bannon's argument reduces to the observation that the Supreme Court has read the word "willful" in other criminal statutes to call for different proof. *See Bannon*, 101 F.4th at 22. But the Supreme Court has also consistently recognized that "'willful[]' . . . is 'a word of many meanings,' whose construction is often dependent on

the context in which it appears." *Bryan v. United States*, 524 U.S. 184, 191 (1998). He provides no basis to conclude that a higher court is likely to upend the established understanding of "willfully" in the context of contempt of a clear duty to respond to congressional subpoenas.

**Per Curiam**

                                  **FOR THE COURT:**
                                  Mark J. Langer, Clerk

               BY:    /s/
                           Daniel J. Reidy
                           Deputy Clerk

WALKER, *Circuit Judge*, dissenting:

For the following reasons, I respectfully dissent from the order denying the emergency motion for release pending appeal.

\*     \*     \*

Stephen Bannon did not respond to a congressional subpoena. He was then convicted of contempt of Congress. *See* 2 U.S.C. § 192 ("Every person who having been summoned as a witness by the authority of either House of Congress to give testimony or to produce papers upon any matter under inquiry . . . willfully makes default . . . shall be deemed guilty of a misdemeanor.").

On appeal, Bannon challenged his conviction "on the ground that he reasonably believed — based on advice of counsel — that he did not have to respond [to the subpoena]. He argued below and on appeal that 'willfully' making default in violation of 2 U.S.C. § 192 requires bad faith — that the defendant must know that his conduct violated the law." *United States v. Bannon*, 101 F.4th 16, 21 (D.C. Cir. 2024).

Bannon's appeal failed because "*Licavoli* directly rejects Bannon's challenge." *Id.* (citing *Licavoli v. United States*, 294 F.2d 207 (D.C. Cir. 1961)). *Licavoli* held that "deliberate" and "intentional" conduct is "willful[ ]" under Section 192. *Licavoli*, 294 F.2d at 208. And Bannon's conduct was "intentional" and "deliberate."

Now, Bannon plans to file a petition for certiorari with the United States Supreme Court. In the motion before us, he argues that he should not begin his prison sentence before that certiorari process plays out.

For support, Bannon observes that the panel discussed more recent Supreme Court precedents that interpret "willfully" to require proof that a defendant acted with a "'bad purpose,' meaning with 'knowledge that his conduct was unlawful.'" *Bannon*, 101 F.4th at 22 (quoting *Sillasse Bryan v. United States*, 524 U.S. 184, 191-92 (1998)). Those subsequent Supreme Court decisions arguably establish "a 'general' rule" in some tension with this circuit's earlier decision in *Licavoli*. *Id.* (quoting *Sillasse Bryan*, 524 U.S. at 191).

At least in part, as Bannon correctly says in this emergency application, "the panel felt obliged to disregard the Supreme Court's '"general" rule' because *Licavoli* remained binding in this Circuit. The Supreme Court itself will have no such obstacle, however." Bannon Br. 4 (citing *Bannon*, 101 F.4th at 22).

For a court unbound by *Licavoli*, like the Supreme Court, the proper interpretation of "willfully" in Section 192 is "a 'close' question or one that very well could be decided the other way." *United States v. Perholtz*, 836 F.2d 554, 555 (D.C. Cir. 1987).

That close question may well have mattered at Bannon's trial. The district court described *Licavoli* as a case "on which at least some of my trial determinations about mens rea and the like have turned." Transcript of Motion Hearing at 6, Dkt. 199, *United States v. Bannon*, No. 1:21-CR-670 (D.D.C. June 6, 2024); *cf. United States v. Sheehan*, 512 F.3d 621, 631 (D.C. Cir. 2008) ("eliminat[ing] the prosecutor's burden of proving *mens rea*" is "a serious constitutional error").

Because the Supreme Court is not bound by *Licavoli*, because *Licavoli*'s interpretation of "willfully" is a close question, and because that question may well be material, Bannon should not go to prison before the Supreme Court considers his forthcoming petition for certiorari. *Cf. McDonnell v. United States*, 576 U.S. 1091 (2015).