BOYDEN GRAY PLLC
800 CONNECTICUT AVE. NW, SUITE 900
WASHINGTON, DC 20006
(202) 955-0620

April 6, 2025

Clifton Cislak, Clerk of the Court
U.S. Court of Appeals for the D.C. Circuit
333 Constitution Ave NW
Washington, DC 20001

Re:   Rule 28(j) Letter in *United States v. Bannon*, No. 22-3086

Mr. Cislak:

On July 15, 2024, Mr. Bannon filed a petition for *en banc* rehearing. The government filed its response on July 31, 2024. The petition remains pending more than eight months later.

Counsel brings to the Court's attention the Supreme Court's recent decision in *Bondi v. VanDerStok*, No. 23-852, 2025 WL 906503 (Mar. 26, 2025).

Most notably, Justice Kavanaugh concurred to emphasize the importance of the "willfulness" *mens rea* in a relevant provision in the Gun Control Act, and he explained that "[t]o prove 'willfulness,' the Government must demonstrate that an individual knew that his conduct was unlawful." *Id.* at *14. Justice Kavanaugh also contrasted that clause with a nearby statutory provision that required only "knowing[]" behavior, which "[u]nlike the 'willfully' *mens rea*, … generally does not require knowledge that the conduct was unlawful." *Id.*

No Justice disputed either of Justice Kavanaugh's points, which are supported by 150 years of apparently unbroken Supreme Court precedent on interpreting "willfully" in the criminal context and also by bedrock rules of statutory interpretation.

Just as certainly, this Court's 1961 decision in *Licavoli*—which the panel used to affirm Mr. Bannon's convictions—violates both of those undisputed principles. *Licavoli* held that "willfully" in 2 U.S.C. § 192

*doesn't* require proof of knowledge of unlawfulness *and* that it was irrelevant the statute later imposes a lowered *mens rea* for different conduct.

*Licavoli* was wrong the day it was decided because it contravened a directly on-point Supreme Court decision. *See Murdock v. United States*, 290 U.S. 389, 397–98 (1933) ("Two distinct offenses are described in the disjunctive [in § 192], and in only one of them is willfulness an element," for which the government must demonstrate that noncompliance was "prompted by bad faith or evil intent, which the statute makes an element of the offense," rather than merely showing that it was "intentional").

And *Licavoli* has only grown worse with age, as Justice Kavanaugh's *VanDerStok* concurrence proves.

This Court should grant rehearing, overturn *Licavoli*, and vacate Mr. Bannon's convictions.

Respectfully,

/s/ R. Trent McCotter
R. Trent McCotter
Boyden Gray PLLC
*Counsel for Mr. Bannon*

cc:    All Counsel