IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| Appellee, | ) | Docket No. 22-3086 |
| v. | ) | |
| **STEPHEN K. BANNON,** | ) | |
| Appellant. | ) | |

**APPELLANT'S OPPOSITION TO APPELLEE'S MOTION FOR A BRIEFING SCHEDULE PRIOR TO THE COMPLETION AND FILING OF THE RECORD**

The Appellee, United States of America ("Government"), has filed a motion asking this Court to set a briefing schedule in the above-captioned case prior to the completion and filing of the complete record from the proceedings below.

The Appellant, Stephen K. Bannon, respectfully submits that the Government's motion must be denied for several reasons, as described below.[1]

**This Appeal Raises Important Meritorious Constitutional Issues**

This appeal arises from the Appellant's conviction of two misdemeanor

---

[1] Government counsel assured the undersigned by email on December 7, 2022, that when she filed the motion today, she would advise this Court that the motion is opposed. [AUSA Elizabeth Danello Email of December 7, 2022 at 5:12 p.m.]. Unfortunately, nowhere in the Government's motion is the Court advised that the motion is opposed, notwithstanding this express assurance from Government counsel.

violations of 2 U.S.C. § 192. Notwithstanding the misdemeanor nature of the case, the consequences at stake are significant, both because (1) the case involves important, fundamental issues of constitutional law, including the constitutional principles of separation of powers, executive privilege, and the constitutional meaning of the term "willfully" in the context of discerning the requisite *mens rea* for a criminal conviction under the statute at issue and (2) there is a sentence of incarceration at issue.

The district court clearly recognized the significance of the issues involved in this appeal throughout the proceedings below, culminating in an order staying the sentence pending appeal, based on an express finding by the district judge that, not only is this appeal by Mr. Bannon "not taken for purposes of delay" but that **this appeal "raises a substantial question of law that is likely to result in a reversal or an order for a new trial."** [ECF# 168 in *United States v. Bannon*, 1:21-cr-00670-CJN] (emphasis added). In fact, at sentencing the district court opined that there are multiple "substantial questions" that this appeal raises that meet this standard. [October 21, 2022 Sentencing Transcript at 76-77 in *United States v. Bannon*, 1:21-cr-00670-CJN].

### Awaiting the Completion of the Record Will Cause No Undue Delay

This appeal is moving expeditiously and Mr. Bannon has exercised all due diligence to ensure the same at all times. The Government, on the other hand,

took completely unnecessary steps in the district court to delay the transmission of the complete record; now, all of a sudden it is in a hurry and urges the Court to enter a briefing schedule prior to the completion of the record and the forwarding of the complete record.[2]

Mr. Bannon timely filed his notice of appeal in this case on November 4, 2022. By that date he had ordered, paid for, and received all transcripts from the proceedings below in preparation for his appeal, with the exception of the transcript from one proceeding which was audio-recorded through the FTR Gold system and had not yet been transcribed. Mr. Bannon timely contacted the Court Reporter's office in the district court to order a transcription of the audio recording

---

[2] Prior to filing the notice of appeal, Mr. Bannon filed a motion in the district court, asking the district court to consolidate the records in Mr. Bannon's main case and his ancillary case, opened by the district court to deal with the directly related issue raised when a motion to quash trial subpoenas was filed. [ECF# 163]. The Government filed a frivolous opposition which unnecessarily delayed the transmission of the complete record. [ECF# 165]. Mr. Bannon's motion to consolidate and his reply to the Government's opposition argued that a consolidation would be more effective and expeditious than having to file a motion to supplement the record in this Court. [ECF## 163; 170]. The district court, of course, rejected the Government's position out of hand and granted the motion to consolidate, ordering, on November 21, 2022, that a supplemental record be transmitted to this Court. The district court docket sheet reflects the November 21, 2022 Minute Order granting the motion to consolidate and directing the transmission to this Court of the supplemental record on appeal and it reflects the transmission of the same to this Court on that same date. [ECF# 171]. This Court's docket sheet reflects Notice of the same on November 21, 2022 as well.

3

from the one proceeding in the district court that had not yet been transcribed. The undersigned provided all identifying information for the audio recording, recorded through the district court's FTR Gold system, and ordered it in writing, and with a follow-up series of phone calls. The primary court reporter who transcribed most of the other proceedings in this case, graciously volunteered to transcribe the audio tape from the proceedings at issue, given her familiarity with the names and issues involved. She has been diligently working to complete the transcription and will provide it as soon as she is able to complete it [*See* December 7, 2022, 2nd Interim Transcript Order Status form].

Mr. Bannon has timely filed all other required documents in this case, including his initial Transcript Status Report [Doc. # 1974801 herein], his Criminal Docketing Statement [Doc. # illegible], and his follow-up interim Transcript Status Report [Doc. # 1876747]. The Court reporter has until December 22, 2022 to file the single outstanding transcript or to seek a brief extension of time and she is working expeditiously.[3] Rule 11(b)(1)(B), *Federal Rules of Appellate Procedure;* Circuit Rule 11(b). The Government's motion

---

[3] As indicated on the December 7, 2022 interim Transcript Status Report, the court reporter has been in touch with the undersigned and is working expeditiously. The undersigned advised Government counsel privately about an issue that had arisen for the court reporter that briefly delayed the transcription; but Government counsel decided to file its motion anyway.

4

refers to avoiding any "further delay" for this appeal. There has been no delay whatsoever. It is moving expeditiously, with all obligations timely met and no extensions sought thus far for any reason. The only delay, if there has been one, was occasioned by the Government's frivolous effort at blocking the consolidation of the primary and ancillary cases in the district court and, fortunately, that was rejected out of hand, allowing the supplemental record to be timely transmitted.

## A Complete Record is Essential to a Full and Fair Appeal

Mr. Bannon is entitled to a complete record on appeal. A complete record includes, *inter alia,* the completion and forwarding of the transcripts of the proceedings below. *See*, Rule 10(a), *Federal Rules of Appellate Procedure*. Rule 10(b)(1)(A) expressly defines the complete record as including the transcripts from those parts of the proceedings not already on file which "the appellant considers necessary" for a complete record. *See also, United States v. Anderson*, 39 F.3d 331, 343 (D.C. Cir. 1994) (emphasizing the right to transcripts and the broad standard accorded to a finding of "necessity."). And of course, this is not a case in which the Defendant/Appellant is asking to be provided at the public's expense; rather he has timely followed the Court's procedures for ordering all transcripts that comprise the complete record and he has done so all at his own considerable expense. The Government's motion, if granted, would deny him the

5

right to a complete record on appeal.

The Government's motion provides a striking example of why it is appropriate to have a complete record on appeal in a criminal case, including a transcript of all proceedings.

The Government represents to this Court that during the proceedings for which the transcript at issue relates, "Bannon was arraigned..." [Govt. Motion For a Briefing Schedule, Doc. #1976813, at 2]. This is not true. The fact of the matter is, Government counsel in the district court advised Mr. Bannon that he would be arraigned during those proceedings and the presiding Magistrate Judge prepared to arraign him at the Government's request. However, the law does not permit a defendant to be arraigned before a magistrate judge unless the defendant has consented to be tried before a magistrate judge and has waived trial before a district judge. Rule 58(b)(3), *Federal Rules of Criminal Procedure*.

Mr. Bannon raised the issue before the Magistrate Judge and it is the undersigned's recollection that he was not arraigned before the Magistrate Judge. If the transcript from the proceedings that is now in progress reflects that he was arraigned, as Government counsel contends, then there is, perhaps, another appellate issue in this case. The Minute Entry to which Government counsel refers in representing to this Court that Mr. Bannon was arraigned during the

6

proceedings at issue, [Minute Entry for November 15, 2021, cited in the Appellee's Motion for a Briefing Schedule at 2] directly contradicts Government counsel's representation.[4]

The salient point here, though, is that the Government's misrepresentation of the record on a relevant procedural step in the criminal process demonstrates the important role the transcript plays for this Court's reliance in evaluating the proceedings below and the issues to be raised on this or any appeal in a criminal case. The Court must get it right, based on the actual record and the parties must be given the right to cite to the actual record for support, whether in providing an accurate account of the proceedings for the Statement of the Case or for more substantive issues.

Circuit Rule 31 directs that briefs are to be filed in accordance with the Scheduling Order issued by the Court, of course; but the Rules contemplate throughout that the parties are entitled to a complete record before a briefing schedule should be set. Indeed, Rule 31(a)(1) of the *Federal Rules of Appellate Procedure*, expressly ties the filing of the Appellant's brief in a case to a time

---

[4] The Minute Entry provides in pertinent part: "... Case was also called for an Arraignment, but was not held...." [November 15, 2021 Minute Entry]. The docket sheet further reflects the arraignment being scheduled before the district judge.

7

frame to be computed "after the record is filed." There is no basis for reading the Rules as having a less than complete record trigger a Scheduling Order or the time frame for the filing of the Appellant's Brief.

## **CONCLUSION**

Mr. Bannon has moved expeditiously at all times with respect to this appeal and it is moving forward expeditiously. The notice of appeal was filed barely over a month ago, the Criminal Docketing Statement and Transcript Status Report were timely filed just over two weeks ago, as was the supplemental record from the ancillary case below, now consolidated for appeal. There is only one transcript not yet finished and filed; but the court reporter is fully within her time to comply. She is not required to file it under the Rules until December 22nd. This case raises important issues of great interest to the parties and of great public interest and constitutional significance. There is no reason to curtail the normal time frame under which it is proceeding.

Based on all of the foregoing, Mr. Bannon respectfully asks the Court to deny the motion and to wait until the record is complete before entering a Scheduling Order, as the Rules fully contemplate.

Respectfully Submitted,

  /s/ David I. Schoen
David I. Schoen (D.C. Bar No. 391408)
Counsel for Appellant Stephen K. Bannon

**CERTIFICATE OF COMPLIANCE WITH FRAP 27(d)**

I hereby certify, pursuant to Rule 32(g), *Federal Rules of Appellate Procedure*, that this response to a motion complies with the type-volume limitation of Rule 27(d)(2)(A), *Federal Rules of Appellate Procedure* in that it has been prepared in 14 point, Times New Roman font, and contains 1862 words, as counted by the WordPerfect word processing program.

  /s/ David I. Schoen
David I. Schoen

**CERTIFICATE OF SERVICE**

I hereby certify that on this 8th day of December, 2022, I caused a copy of the foregoing Response to be served on all counsel of record by filing the same through this Court's ECF system.

  /s/ David I. Schoen
David I. Schoen